Petitioner, pursuant to Rule 39 (k), A.R.A.P., requested the Court of Criminal Appeals to add facts to its opinion, including these:
 "On the afternoon of June 12, 1981, Lewis Gannaway was in the bathroom at his home, when his wife told him that she had just seen someone running up the driveway. Gannaway left the bathroom, which was at the rear of his home, and proceeded through a hall and through the kitchen into his living room.
 "Appellant entered his living room at the same time Officer Hembree of the Anniston Police Department was entering the room from the opposite side of the room.
 The only other people in the room were Appellant's two children, who were watching television at the time; his wife was in the kitchen. Appellant had never seen Hembree before, and recognized him only as a stranger dressed in civilian clothes. Because Officer Hembree entered the room simultaneously with Appellant, Appellant had no opportunity to elect whether or not to admit Hembree to the room. Hembree was already in the house by the time Appellant saw him because Hembree had not knocked prior to entering."
According to petitioner's own version of the facts, his wife "saw someone running up the driveway." These facts, and other facts in the opinion of the Court of Criminal Appeals, in and of themselves, tend to support the reasonableness of the officer's conduct on the occasion complained of. I believe the Court of Criminal Appeals correctly construed Daniels. I would affirm.
FAULKNER, ALMON and SHORES, JJ., concur. *Page 416